**Julio Cesar CRUZ CAMPOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70682.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.[*]

Filed Dec. 2, 2008.

Julio Cesar Cruz Campos, North Hollywood, CA, pro se.

District Director, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Julio Cesar Cruz Campos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional challenges. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We dismiss the petition for review in part and deny it in part.

We lack jurisdiction to review the agency's determination that Cruz Campos failed to show exceptional and extremely unusual hardship. *Id.*

Cruz Campos' contention that the agency violated his due process rights by disregarding evidence is not supported by the record and therefore does not amount to a colorable constitutional claim. *See id.* ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Contrary to Cruz Campos' contention, the BIA provided a reasoned explanation for its decision. *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005).

Cruz Campos' equal protection challenges to the Illegal Immigration Reform and Immigrant Responsibility Act and the Nicaraguan Adjustment and Central American Relief Act ("NACARA") lack merit. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 603 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from certain countries).

Cruz Campos' remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

